### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD W. WONE, JR., | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-333 (NLH) |
| | : | |
| v. | : | |
| | : | |
| | : | **MEMORANDUM AND ORDER** |
| SGT. QUEZERQUE, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff, currently confined at Atlantic County Jail in Mays Landing, New Jersey, seeks to bring a civil action in forma pauperis,[1] without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint.

---

[1] Suits brought in forma pauperis are governed by 28 U.S.C. § 1915.

28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement
from the appropriate official of each prison at which he was or
is confined.  Id.

   Even if the prisoner is granted in forma pauperis status,
the prisoner must pay the full amount of the $350 filing fee.  28
U.S.C. § 1915(b)(1).  In each month that the amount in the
prisoner's account exceeds $10.00, until the $350.00 filing fee
is paid, the agency having custody of the prisoner shall assess,
deduct from the prisoner's account, and forward to the Clerk of
the Court payment equal to 20% of the preceding month's income
credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

   Plaintiff may not have known when he submitted his complaint
that he must pay the filing fee, and that even if the full filing
fee, or any part of it, has been paid, the Court must dismiss the
case if it finds that the action is: (1) frivolous or malicious;
(2) fails to state a claim upon which relief may be granted; or
(3) seeks monetary relief against a defendant who is immune from
such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses
the case for any of these reasons, the Act does not permit the
prisoner to get his filing fee back.

   If the prisoner has, on three or more prior occasions while
incarcerated, brought an action or appeal in a court that was
dismissed on any of the grounds listed above, he cannot bring

2

another action <u>in</u> <u>forma</u> <u>pauperis</u> unless he is in imminent danger
of serious physical injury.  28 U.S.C. § 1915(g).

    In this case, Plaintiff failed to submit a complete <u>in</u> <u>forma</u>
<u>pauperis</u> application as required by 28 U.S.C. § 1915(a)(1),(2).
Specifically, Plaintiff failed to provide a <u>certified</u> six month
account statement.

    THEREFORE, it is on this   <u>6th</u>   day of   <u>March</u>, 2012;

    ORDERED that Plaintiff's application to proceed <u>in</u> <u>forma</u>
<u>pauperis</u> is hereby DENIED, without prejudice; and it is further

    ORDERED that the Clerk of the Court shall administratively
terminate this case, without filing the complaint or assessing a
filing fee; Plaintiff is informed that administrative termination
is not a "dismissal" for purposes of the statute of limitations,
and that if the case is reopened, it is not subject to the
statute of limitations time bar if it was originally filed
timely, <u>see</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988)(prisoner mailbox
rule); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d
Cir. 1996); <u>see</u> <u>also</u> <u>Williams-Guice v. Board of Education</u>, 45
F.3d 161, 163 (7th Cir. 1995); and it is further

    ORDERED that the Clerk of the Court shall send Plaintiff a
blank form application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>; and it is
further

    ORDERED that if Plaintiff wishes to reopen this case, he
shall so notify the Court, in writing addressed to the Clerk of

the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed in forma pauperis application, including a certified six-month prison account statement, or (2) the $350 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.


                                                   s/ Noel L. Hillman
                                                 NOEL L. HILLMAN
                                                 United States District Judge


At Camden, New Jersey